Filed 12/3/25  P. v. Quirino CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANIEL QUIRINO,<br><br>    Defendant and Appellant. | G063799<br><br>(Super. Ct. No. 06CF1643)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Reversed and remanded with directions.

Elisabeth R. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Liz Olukoya, Deputy Attorneys General, for Plaintiff and Respondent.

Daniel Quirino appeals from the denial of his petition for recall and resentencing pursuant to Penal Code section 1172.75 (all undesignated statutory references are to this code). Quirino contends he is entitled to resentencing even though the trial court struck his enhancements for prior prison terms under former section 667.5, subdivision (b) (prison priors) for purposes of sentencing. We agree. We reverse and remand for resentencing.

PROCEDURAL HISTORY

In 2007, pursuant to a plea agreement, Quirino pleaded guilty to several counts and admitted to several enhancements, including two prison priors. The trial court sentenced him to 41 years four months and struck his two prison priors for purposes of sentencing.

In November 2023, Quirino filed a petition for recall and resentencing under section 1172.75, which the trial court denied. The court explained he was ineligible for relief based on *People v. Rhodius* (2023) 97 Cal.App.5th 38, which the California Supreme Court recently reversed in *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*).

DISCUSSION

The issue is whether section 1172.75 entitles Quirino to a resentencing hearing notwithstanding the stricken prison priors. *Rhodius* did not consider this specific issue. (*Rhodius, supra,* 17 Cal.5th at p. 1066, fn. 2.) That case involved a stayed, rather than stricken, prison prior. (*Id.* at p. 1054.)

A pre-*Rhodius* case, *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987 (*Espino*), addressed the issue here. *Espino* held section 1172.75 applies to not only imposed and stayed enhancements but also stricken enhancements. (*Id.* at p. 193.) Following *Espino* and pending guidance from the California Supreme Court, we find

2

there is no difference between stayed and stricken prison priors for purposes of sentencing. An enhancement found to be true becomes part of the judgment and must be addressed as part of the sentencing process. (*See id.* at pp. 197–198, 201.) Furthermore, an appellate court recently found *Espino*'s reasoning was "bolstered by the Supreme Court's recent decision in *Rhodius*." (*People v. Cota* (2025) 112 Cal.App.5th 1118, 1133.)

DISPOSITION

The postjudgment order denying Quirino's petition for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing. Upon conclusion of the new sentencing hearing, the court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

MOTOIKE, ACTING P. J.

WE CONCUR:

SANCHEZ, J.

GOODING, J.

3